NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014[*]
Decided March 13, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 13-2678 & 13-2679

|  |  |
|---|---|
| | Appeals from the |
| WILLIAM COX, | United States District Court for the |
| *Plaintiff-Appellant,* | Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:12-CV-320 PS |
| BARBARA BRUBAKER, *et al.,* | |
| *Defendants-Appellants.* | Philip P. Simon, |
| | *Chief Judge.* |

**O R D E R**

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

William Cox, an Indiana prisoner, sued two doctors and a nurse practitioner at the Westville Correctional Facility, alleging that they failed to inform him of the possible side effects of using a particular drug and were deliberately indifferent to his other medical needs. The district court granted summary judgment to the defendants. Because Cox produced no evidence that the defendants' failure to inform him of the drug's side effects violated his constitutional rights and the record shows that Cox received constitutionally adequate treatment, we affirm.

Cox sought and received treatment at Westville's infirmary at least six times beginning in late 2011 for pain (ankle, knee, and tooth) and a digestive disorder. First, in September 2011 Cox visited the infirmary for left ankle pain and acid reflux disease. After examining Cox, Nurse Barbara Brubaker prescribed Zantac for Cox's acid reflux and a low dose of Pamelor for the ankle pain. Pamelor is a psychotropic antidepressant (a drug that alters chemical levels in the brain) that commonly is prescribed to treat chronic pain. Cox returned to the infirmary a month later suffering from arthritic pain in his right knee. Dr. Kevin Krembs examined him, ordered a knee brace for Cox, and scheduled him for a steroid injection. Two months later, on his third visit to the health staff, Cox complained about a toothache and swollen gums, which the staff attributed to an infection. He was prescribed penicillin for his infection and Tylenol for his pain. The following month Cox again was seen in the prison's clinic, this time by Dr. Andrew Liaw, for his acid reflux. Cox reported that the Zantac had eased his digestive problems but the arthritic pain in his right knee had not abated and his left knee now was troubling him. Liaw therefore increased Cox's dosage of Pamelor and ordered a brace for Cox's left knee. During his fifth visit, two months later, Cox again sought treatment for a toothache and swollen gums, for which Krembs prescribed naproxen. Later that same month, in his last clinic visit in the record, Cox told Brubaker that naproxen helped relieve the recent pain in his right knee and left ankle, and that he had stopped taking Pamelor, which Brubaker then discontinued.

Three months later Cox sued Brubaker, Krembs, Liaw, and other prison staff, principally pursuing five claims about his treatment. His first two claims concerned the side effects of Pamelor. He contended that Brubaker violated both the Eighth and Fourteenth Amendments by prescribing that drug despite and without disclosing its known side effects. In response to the defendants' motion for summary judgment, Cox submitted unauthenticated reports that list, but do not quantify the likelihood of, Pamelor's side effects. Possible side effects include fast heart rate, urinary retention, dry mouth, anxiety, hallucinations, heart attack, weight gain or loss, and low blood pressure. The only side effect that Cox believes materialized is dry mouth, which he

blames for his swollen gums. Cox's remaining three claims accused the staff of deliberate indifference: He argued that he should have been monitored while on Pamelor since he took it along with Zantac, which he believes may interact adversely with Pamelor. He also maintained that Liaw should have taken him off Pamelor, rather than increasing the dosage, after Cox complained about the drug's ineffectiveness and swollen gums. Finally, he asserted that Krembs was deliberately indifferent to his knee pain because he failed to relieve it immediately.

The district court construed Cox's complaint to allege violations of only the Eighth Amendment and granted summary judgment to the defendants. Cox's claim about the undisclosed side effects of Pamelor failed, the district court concluded, because Cox had not produced evidence that the defendants knew of and disregarded a significant risk that Cox would experience any serious side effects of Pamelor. Cox's failure-to-monitor claim came to naught because Westville's medical staff regularly examined him. And Cox's two remaining claims, the district court reasoned, reflected a disagreement with permissible medical judgment, not a constitutional violation.

On appeal Cox presses most forcefully his contention that Brubaker violated both the Eighth and Fourteenth Amendments by prescribing him Pamelor even though it has serious side effects and by refusing to tell him up front about them. That refusal, he contends, deprived him of the opportunity to make an informed and intelligent choice about taking the drug.

We begin with the Eighth Amendment. A claim under that amendment requires "an injury, actual or at least probabilistic," *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013), that is serious and either physical or mental, *id.*; *Devbrow v. Kalu*, 705 F.3d 765, 769 (7th Cir. 2013). The only side effect that Cox believes he actually suffered is dry mouth, on which he blames his swollen gums. But Cox has not substantiated that Pamelor caused his swollen gums or even that the swelling was serious. In any case the medical staff treated the gum condition promptly. Likewise, Cox cannot prevail on a claim of probabilistic injury. Because he furnished no evidence of the likelihood of Pamelor's side effects, the probability of an injury from side effects is unknown. Summary judgment under the Eighth Amendment thus was proper.

Cox fares no better by invoking the Fourteenth Amendment to argue that even without an injury, the defendants denied him his right to informed consent. Although we do not decide in this case whether to join or part ways with them, some circuits recognize that even absent a medical injury, as a matter of the substantive component of

due process "[p]risoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment." *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *see also Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012); *Pabon v. Wright*, 459 F.3d 241, 249–50 (2d Cir. 2006); *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002). But even those circuits that recognize this right also hold that prisoners have no right to be informed of insubstantial risks; otherwise, "after receiving appropriate treatment that proved to have unpleasant side effects, a prisoner might claim that he had not received sufficient information to allow him to decide whether to refuse that treatment." *Pabon*, 459 F.3d at 250. This case does not require us to recognize, or decide the scope of, this due-process right because Cox supplies no evidence of the likelihood of Pamelor's side effects. Therefore a rational jury could not conclude that the risks are substantial enough to require disclosure to a reasonable prisoner-patient.

Summary judgment also was proper on Cox's remaining claims about deliberate indifference. First, Cox argues that because Pamelor carries the potential for side effects and may interact adversely with other medication, the defendants were deliberately indifferent to those risks by failing to watch him closely. *See Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011); *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005). But prison medical staff examined Cox about once a month when he visited the prison's clinic; the record therefore shows no deliberate indifference to any risk to Cox's health.

Cox next argues that Liaw was deliberately indifferent to his health because after Liaw learned that Cox's low dosage of Pamelor did not relieve his pain, Liaw increased the dosage. Cox asserts that increasing the dosage was reckless because he had, one month prior, experienced swollen gums, which he attributes to Pamelor. But a course of treatment violates the Eighth Amendment only when it departs so radically from the standards of the profession that it falls outside the bounds of the defendant's professional judgment. *See King v. Kramer*, 680 F.3d 1013, 1018–19 (7th Cir. 2012); *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008). The record shows that medical staff reasonably adjusted his medication to resolve Cox's pain. Accordingly, his treatment did not violate the Eighth Amendment.

Cox's last claim is that Krembs was deliberately indifferent to his arthritic knee by scheduling (rather than immediately providing) a steroid injection to relieve the pain. Arthritis is a serious medical condition, *see Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006), but Cox acknowledges that medical staff resolved the pain with naproxen, and he adduces no evidence that the time it took the staff to find effective

treatment needlessly impaired his health, *see Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009); *Gutierrez v. Peters*, 111 F.3d 1364, 1374–75 (7th Cir. 1997).

AFFIRMED.